UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UCF I TRUST 1 | : | CIVIL ACTION NO. |
| UC FUNDING I, L.P. TRUSTEE | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| BERKOWITZ, TRAGER | : | |
| & TRAGER, LLC | : | |
| | : | |
| Defendants | : | AUGUST 4, 2017 |

## COMPLAINT

Plaintiff, UCF I Trust 1 ("UCFT") and UC Funding I, L.P., Trustee ("UCF Trust" who collectively with UCFT are referred to as "Plaintiffs"), hereby bring this complaint, upon information and belief, against the defendant Berkowitz, Trager & Trager, LLC ("Berkowitz" or "Defendant").

## STATEMENT OF JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the parties are citizens of different states and the controversy in this matter concerns a sum or value that exceeds $75,000.00 exclusive of interest, costs and fees.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) as a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district and/or the defendant is subject to personal jurisdiction at the time the action is commenced.

## PARTIES

3. Plaintiff, UCFT, is a Delaware statutory trust with its principal place of business at 745 Boylston Street, Suite 502, Boston, MA 02116.

4. UCFT is engaged in the business of making secured mezzanine loans.

5. Plaintiff, Trustee, is a Delaware limited partnership with a principal place of business at 615 South DuPont Highway, Dover, DE 19901. Plaintiff Trustee is the trustee of the UCFT.

6. Defendant, Berkowitz, is Connecticut limited liability company with its principal place of business at 8 Wright Street, 2nd Floor, Westport, Connecticut 06880.

7. Berkowitz is a law firm and is engaged in the practice of law in Connecticut.

## GENERAL FACTS AND BACKGROUND

8. On November 1, 2012, UCFT made a mezzanine loan (the "PSW Mezzanine Loan") in the original principal amount of $12 million to Park Square West Member Associates, LLC ("PSW Mezzanine Borrower").

9. In connection therewith, UCFT and PSW Mezzanine Borrower entered into that certain Mezzanine Loan Agreement dated as of November 1, 2012 (the "Loan Agreement"), among other documents, memorializing the terms of the PSW Mezzanine Loan.

10. Pursuant the Loan Agreement, PSW Mezzanine Borrower is the 100% owner of Park Square West Member Associates, LLC ("PSW Property Owner").

11. PSW Property Owner, in turn, owned the commercial property known as Park Square West, located at 101 Summer Street, Stamford, Connecticut (the "PSW Property") in fee simple.

12. To induce UCFT to extend the PSW Mezzanine Loan to PSW Mezzanine Borrower, PSWMA I, LLC, which claimed to be the sole member of PSW Mezzanine Borrower and to own 100% of the membership interest therein, entered into that certain Guaranty of Payment on or about November 1, 2012 in favor of UCFT (the "Guaranty"). The Guaranty was secured by a Pledge Agreement and Security Agreement of even date made by PSWMA I, LLC in favor of UCFT (the "Pledge Agreement").

13. Pursuant to the Pledge Agreement, PSWMA I, LLC represented that it was the sole member of PSW Mezzanine Borrower and owned 100% of the membership interests therein.

14. PSWMA I, LLC's interest in PSW Mezzanine Borrower and its 100% ownership interest in PSW Property Owner was to serve as collateral for the PSW Mezzanine Loan made by UCFT.

15. Berkowitz acted as counsel to PSW Mezzanine Borrower, PSW Property Owner, PSWMA I, LLC, PSWMA II, LLC and Seaboard Realty, LLC in connection with the PSW Mezzanine Loan.

16. On or about November 2, 2012, in connection with the PSW Mezzanine Loan, Berkowitz issued an opinion letter addressed to UCFT concerning the PSW Mezzanine Loan, Guaranty, Pledge Agreement and the additional agreements memorializing the loan transaction set forth therein (the "Opinion Letter").

17. Pursuant to the Opinion Letter, Berkowitz opined as follows:

> 2. "Each of Borrower, Pledgor, and Subordinated Lender has all requisite limited liability company power and authority to execute and deliver the Loan Documents to which it is a party and to perform its obligations thereunder.
>
> 3. "The execution and delivery by Borrower, Pledgor, and Subordinated Lender of the Loan Documents to which each is a party, and the performance by Borrower, Pledgor, and Subordinated Lender of their respective obligations thereunder, have been duly authorized by all necessary limited liability company action on the part of Borrower, Pledgor, and Subordinated Lender, as the case may be."
>
> 4. The Loan Documents to which each of Borrower, Pledgor, and Subordinated Lender is a party, have been duly executed and delivered by Borrower, Pledgor, and Subordinated Lender respectively, and constitute the valid and binding obligations of Borrower, Pledgor, and Subordinated Lender, enforceable against Borrower, Pledgor, and Subordinated Lender in accordance with their respective terms.

> 6. Neither the execution and delivery by Borrower, Pledgor, Guarantor, and Subordinated Lender of the respective Loan Documents to which each is a party, nor Borrower's, Pledgor's, Guarantor's, or Subordinated Lender's respective performances thereunder (a) to the best of our knowledge, will result in the creation or imposition of a lien, charge or encumbrance upon any of the property or assets of Borrower, Pledgor, Guarantor, or Subordinated Lender other than the liens contemplated by the Loan Documents, (b) violates any federal or Connecticut law or regulation applicable to Borrower, Pledgor, Guarantor or Subordinated Lender or, to the best of our knowledge, any judgment, order, writ, injunction or decree binding on Borrower, Pledgor, Guarantor, or Subordinated lender or (c) violates the terms or provisions of the Articles of Organization or the Limited Liability Company Operating Agreement of Borrower, Pledgor, or Subordinated Lender."

(collectively, the "Opinion Letter Representations")

18. However, after the PSW Mezzanine Loan was funded by UCFT and following a subsequent default by PSW Mezzanine Borrower, UCFT learned that PSWMA I, LLC did not own a 100% interest in PSW Mezzanine Borrower.

19. Indeed, PSWMA I, LLC appears to have owned nothing at the time it made the Pledge in favor of UCFT to secure the PSW Mezzanine Loan. Rather, PSW Mezzanine Borrower was owned 25% by Seaboard Realty, LLC[1] and 75% by various other individuals and entities.

20. UCFT relied upon the Opinion Letter in its extension of the PSW Mezzanine Loan.

21. UCFT's reliance was expressly contemplated by Berkowitz as the Opinion Letter states that "This opinion is rendered to you and is for your benefit in connection with the above transaction."

22. In December 2015, Seaboard Realty, LLC and its affiliated entities, including

---

[1] The Opinion Letter states that Seaboard Realty, LLC ("Seaboard Realty") owns one hundred percent (100%) of the membership interests of PSWMA II, LLC ("PSWMA II") and that PSWMA II owns one hundred percent (100%) of the ownership interests of PSWMA I, LLC.

PSWMA II, LLC, PSWMA I, LLC and PSW Mezzanine Borrower filed for bankruptcy before the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"), in the chapter 11 proceeding styled *In re: Newbury Common Associates, LLC*, Case No. 15-12507.

23. Through the bankruptcy case, the real estate owned by Park Square West Associates, LLC controlled Seaboard Realty LLC, was sold and purchased by an affiliate of UCFT for approximately $43 million.

24. As PSWMA I, LLC did not own 100% of PSW Mezzanine Borrower, UCFT's security interest did not attach to the 100% interest in PSW Mezzanine Borrower.

25. As a result, UCFT's loss with respect to the PSW Mezzanine Loan is in excess of $13,000,000.

## COUNT ONE: BREACH OF CONTRACT (THIRD PARTY BENEFICIARY)

26. Paragraphs 1 through 25 of the Complaint are realleged and incorporated into this Count as if fully set forth herein.

27. Berkowitz and PSW Mezzanine Borrower, PSW Property Owner, PSWMA I, LLC, PSWMA II, LLC and Seaboard Realty, LLC[2] entered into a contract whereby Berkowitz would represent the PSW Entities in the PSW Loan transaction.

28. As part of its promised performance, Berkowitz was required to prepare the Opinion Letter and provide accurate and verified information concerning the PSW Entities and the matters set forth therein, to be relied upon by UCFT in making the PSW Mezzanine Loan.

29. UCFT was an intended beneficiary of the contract between Berkowitz and the PSW Entities and thus has a right to enforcement thereof.

---

[2] PSW Mezzanine Borrower, PSW Property Owner, PSWMA I, LLC, PSWMA II, LLC and Seaboard Realty, LLC are hereinafter referred to collectively as the "PSW Entities".

30. Berkowitz breached its contractual obligations as the Opinion Letter contained inaccurate information concerning the ownership of PSW Mezzanine Borrower and enforceability of the Pledge and Guaranty.

31. As a direct and proximate result of the acts, conduct and/or omissions of Defendant, Defendant has breached and otherwise violated the terms of its contract with the PSW Entities.

32. As a direct and proximate result of Defendant's breach, Plaintiffs have been caused to suffer money damages, together with interest, costs and legal fees.

### COUNT TWO:  BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

33. Paragraphs 1 through 32 of the Complaint are realleged and incorporated into this Count as if fully set forth herein.

34. Berkowitz' conduct, as set forth above, breached and violated the covenant of good faith and fair dealing that is implied in every contract.

35. As a direct and proximate result of Berkowtiz' conduct and/or omissions, Plaintiffs' have been caused to suffer money damages.

### COUNT THREE:  NEGLIGENT MISREPRESENTATION

36. Paragraphs 1 through 25 of the Complaint are realleged and incorporated into this Count as if fully set forth herein.

37. Berkowitz made the Opinion Letter Representations to UCFT in connection with the PSW Mezzanine Loan.

38. The Opinion Letter representations were false as PSWMA I, LLC did not own a 100% interest in PSW Mezzanine Borrower.

39. Berkowitz failed to exercise reasonable care in communicating information related

the ownership of PSW Mezzanine Borrower to UCFT.

40. Berkowitz' Opinion Letter Representations were made with the express intention that UCFT would rely upon them in connection with its issuance of the PSW Mezzanine Loan.

41. As a direct and proximate result of UCFT's reliance upon Berkowitz' Opinion Letter Representations, Plaintiffs have been caused to suffer money damages.

**WHEREFORE**, Plaintiff prays for the following relief:

1. Money damages;

2. Post-judgment interest;

4. Attorneys' fees and costs; and

5. Such other relief that the Court may award that is just and equitable.

>THE PLAINTIFFS: UCF I TRUST 1
>and UC FUNDING I, LP, TRUSTEE
>
>
>By: /s/ Jeffrey M. Sklarz
>Jeffrey M. Sklarz (ct20938)
>GREEN & SKLARZ LLC
>700 State Street, Suite 100
>New Haven, CT 06511
>(203) 285-8545
>Fax: (203) 823-4546
>jsklarz@gs-lawfirm.com