# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| UCF I TRUST 1 and<br>UC FUNDING I, L.P., TRUSTEE,<br>  *Plaintiffs*,<br><br>  v.<br><br>BERKOWITZ, TRAGER & TRAGER, LLC,<br>  *Defendant*. | No. 3:17-cv-1325 (VAB) |

**RULING AND ORDER ON MOTION TO DISMISS**

On August 4, 2017, UCF I Trust 1 ("UCFT") and UC Funding I, L.P., Trustee ("UCF Trust") (together, "Plaintiffs") sued Berkowitz, Trager & Trager, LLC ("Berkowitz, Trager & Trager" or "Defendant"), alleging breach of contract, breach of the implied covenant of good faith and fair dealing, and negligent misrepresentation, based on an opinion letter authored by Berkowitz, Trager & Trager that allegedly induced Plaintiffs to make a mezzanine loan to Park Square West Member Associates, LLC that eventually resulted in a loss of approximately $13,000,000. Complaint, dated Aug. 4, 2017 ("Compl."), ECF No. 1.

On May 1, 2018, the Court granted Berkowitz, Trager & Trager's motion to dismiss this Complaint for failure to state a claim upon which relief can be granted, but granted Plaintiffs leave to file an Amended Complaint, to the extent they were able to address the deficiencies identified by the Court. Ruling on Motion to Dismiss, dated May 1, 2018 ("Ruling"), ECF No. 29.

On May 31, 2018, Plaintiffs filed an Amended Complaint. Amended Complaint, dated May 31, 2018 ("Am. Compl."), ECF No. 33.

On July 18, 2018, Berkowitz, Trager & Trager moved to dismiss the Amended Complaint for failure to allege sufficient facts upon which relief may be granted. Motion to Dismiss

Plaintiffs' Am. Compl., dated July 18, 2018 ("Def.'s Mot."), ECF No. 37; Memorandum in Support of Def.'s Mot., dated July 18, 2018 ("Def.'s Mem."), ECF No. 38.

For the reasons explained below, the Court **GRANTS** Defendant's motion to dismiss and **DISMISSES** the Amended Complaint with prejudice.

I.         FACTUAL AND PROCEDURAL BACKGROUND

UCFT, a Delaware statutory trust with its principal place of business in Boston, Massachusetts, makes secured mezzanine loans.[1] Am. Compl. ¶¶ 3–4. UCF Trust, a limited partnership with a principal place of business in Dover, Delaware, is the trustee of UCFT. *Id.* ¶ 5. Berkowitz,, Trager & Trager, a law firm organized as a Connecticut limited liability company, has its principal place of business in Westport, Connecticut. *Id.* ¶ 6.

    **A.**     **Factual Allegations**

The parties' familiarity with the facts of this case, which are set forth in the Court's May 1, 2018 Ruling, is presumed. *See* Ruling at 2–5. The Court therefore only addresses any new and relevant allegations in Plaintiffs' Amended Complaint in the discussion below.

    **B.**     **Procedural History**

UCFT filed a Complaint in this Court on August 4, 2017, claiming breach of contract, breach of the covenant of good faith and fair dealing, and negligent misrepresentation against Berkowitz, Trager & Trager. *See* Compl.

On September 25, 2017, Berkowitz, Trager & Trager moved to dismiss, arguing that UCFT had failed to state a claim upon which relief can be granted because (1) UCFT was not Berkowitz, Trager & Trager's client; (2) a third party beneficiary of a written contract cannot

---

[1] In general terms, "[a] mortgage/mezzanine loan structure is a multiple loan structure in which a lender grants a mortgage loan to the owner of a property, and the same lender or a separate lender grants a mezzanine loan to the owner of the direct (or indirect) equity interests in the property owner." MORTGAGE AND ASSET BACKED SECURITIES LITIGATION HANDBOOK § 8:35 (2017).

recover for a breach of the implied covenant of good faith and fair dealing; and (3) UCFT's claim for negligent misrepresentation is barred by the statute of limitations. First Motion to Dismiss, dated Sept. 25, 2017, ECF No. 14, at 1–2. Berkowitz, Trager & Trager argued that it "did not represent UCF, and in fact was adverse to UCF in its role representing Park Square West Member Associates, LLC as borrower and [Berkowitz's] other clients in connection with this transaction." *Id.* at 2. Berkowitz, Trager & Trager therefore argued that UCF cannot bring a claim based in contract related to Berkowitz, Trager & Trager's attorney-client relationship with the Park Square West Entities, and any claim based in tort must fail because the applicable three-year statute of limitations had passed. *Id.* at 2, 6, 8, 15, 17.

On October 16, 2017, Plaintiffs opposed the motion to dismiss. Plaintiffs' Opposition, dated Oct. 16, 2017, ECF No. 16.

On May 1, 2018, the Court granted Berkowitz, Trager & Trager's motion to dismiss the Complaint for failure to state a claim upon which relief can be granted. *See* Ruling. The Court found that: (1) Plaintiffs do not have a viable contract claim either because their claim sounded in tort or the Opinion Letter issued by Berkowitz, Trager & Trager was not a contract, *id.* at 11; (2) Plaintiffs do not have a claim as a third-party beneficiary of any contract between Berkowitz, Trager & Trager and Park Square West Member Associates, LLC, PSWMA I, LLC, PSWMA II, LLC and Seaboard Realty, LLC (the "Park Square West Entities"), in part, because Plaintiffs did not allege that they were intended third-party beneficiaries of that attorney-client relationship, *id.* at 12; (3) Plaintiffs lack a viable claim based on the covenant of good faith and fair dealing for the same reasons they lack a viable breach of contract claim, *id.* at 15; and (4) that the Complaint did not sufficiently allege that they reasonably relied on Berkowitz , Trager & Trager's advice, *id.* at 15–16.

The Court, however, granted Plaintiffs leave to file an Amended Complaint within thirty days of its decision, to the extent Plaintiffs were able to address deficiencies identified by the Court. *Id.* at 17.

On May 31, 2018, Plaintiffs filed an Amended Complaint. Am. Compl.

On July 18, 2018, Berkowitz, Trager & Trager moved to dismiss the Amended Complaint for failure to allege sufficient facts upon which relief may be granted. Def.'s Mot.; Def.'s Mem.

On August 20, 2018, Plaintiffs opposed the motion. Memorandum of Law in Opposition to Def.'s Mot., dated Aug. 20, 2018 ("Pls.' Mem."), ECF No. 43.

On September 7, 2018, Berkowitz , Trager & Trager filed a reply in further support of its motion to dismiss. Reply, dated Sept. 7, 2018, ECF No. 45.

## II.        STANDARD OF REVIEW

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. FED. R. CIV. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at

679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 125 (2d Cir.) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true."), *cert. denied*, 537 U.S. 1089 (2002).

"Although courts considering motions to dismiss under Rule 12(b)(6) generally must limit [their] analysis to the four corners of the complaint, they may also consider documents that are incorporated in the complaint by reference." *Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 258 (S.D.N.Y. 2008). This is particularly true if a complaint " 'relies heavily upon [the documents'] terms and effect,' which renders the document[s] 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) ); *see also Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 222 (2d Cir. 2004) (rejecting allegations that were "belied by the letters attached" to the complaint); *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (when reviewing a judgment on the pleadings, courts assume facts alleged are true "unless contradicted by more specific allegations or documentary evidence").

**III.     DISCUSSION**

Plaintiffs assert three claims for relief under Connecticut law in their Amended Complaint: breach of contract to a third-party beneficiary, breach of the implied covenant of good faith and fair dealing, and negligent misrepresentation.

Berkowitz**,** Trager & Trager moves to dismiss all of these claims, arguing that they fail as a matter of law, for largely the same reasons as were articulated in the Court's Ruling dismissing the Complaint.[2] Def.'s Mem. at 14–26.

The Court agrees.

**A. Count One: Breach of Contract**

As the Court previously explained, "there is a threshold question of whether Plaintiffs have a viable breach of contract claim at all or, at best, only a tort claim for negligent misrepresentation." Ruling at 10 (citing *Meyers v. Livingston, Adler, Pulda, Mieklejohn & Kelly*, 311 Conn. 282, 296 (2014) for the proposition that "Connecticut courts have concluded that claims alleging that the defendant attorney had performed the required tasks but in a deficient manner sounded in tort rather than in contract.").

Moreover, even if a breach of contract claim could exist, "the Opinion Letter is not a contract." Ruling at 11 (citing *Conn. Nat'l Bank v. Voog*, 233 Conn. 352, 366 (1995) ("To be enforceable, a contract must be supported by valuable consideration."); *Martin Printing, Inc. v. Sone*, 89 Conn. App. 336, 344 (2005) ("A promise to be surety for the performance of a contractual obligation, made to the obligee, is binding if (a) the promise is in writing and signed

---

[2] Berkowitz, Trager & Trager also argues for dismissal solely based on the "law of the case" doctrine. *See* Def.'s Mem. at 9–14. Because Plaintiffs have pleaded additional factual allegations, that doctrine does not necessarily apply here. *See, e.g.*, *Bellezza v. Holland*, No. 09 Civ. 8434, 2011 WL 2848141, at * (S.D.N.Y. Jul. 12, 2011) ("The law of the case doctrine does not control here, however, as the Amended Complaint alleges materially different and more detailed claims than the original Complaint, as discussed below."). The Court, of course, relies on its previous legal analysis as appropriate in evaluating the Amended Complaint.

by the promisor and recites a purported consideration; or . . . (c) the promisor should reasonably expect the promise to induce action or forbearance of a substantial character on the part of the promisee or a third person, and the promise does induce such action or forbearance.")).

The Amended Complaint now asserts that Plaintiffs were the intended third-party beneficiaries of the contract between Berkowitz, Trager & Trager, and the Park Square West Entities. Am. Compl. ¶¶ 29–30. That contract, and not the Opinion Letter, is purportedly the basis for Plaintiffs' breach of contract claim. Am. Compl. ¶¶ 44–49; Pls.' Mem. ("The Amended Complaint clarifies that: (1) the "contract" breached was the obligation to provide an accurate opinion letter established by the Seaboard Entities retention of BTT as their closing attorneys for the PSW Mezzanine Loan . . . . Therefore, the Amended Complaint remedied the issue identified by the Court in the *Ruling*.").

The Court previously rejected this argument, in part, because Plaintiffs had failed to allege they were an intended third-party beneficiary of any contract between Berkowitz, Trager & Trager and the Park Square West Entities. *See* Ruling at 12 ("Here, Plaintiffs have not alleged that Plaintiffs were the intended beneficiaries of the attorney-client relationship between Berkowitz and the Park Square West Entities.").

The inclusion of this additional allegation in the Amended Complaint does not demonstrate that Plaintiffs have a viable breach of contract claim that meets the test of "facial plausibility." *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

"Under the third party beneficiary doctrine, '[t]he ultimate test to be applied [in determining whether a person has a right of action as a third party beneficiary] is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party [beneficiary].'" *Wykeham Rise, LC v. Federer*, 305 Conn. 448, 474 (2012)

7

(quoting *Dow & Condon, Inc. v. Brookfield Dev. Corp.*, 266 Conn. 572, 580 (2003)). "'[T]hat intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties.'" *Id.* (quoting *Dow & Condon*, 266 Conn. at 580). "'[I]t is not in all instances necessary that there be express language in the contract creating a direct obligation to the claimed third party beneficiary.'" *Id.* (quoting *Dow & Condon*, 266 Conn. at 580).

As the Connecticut Supreme Court has noted, "each party to a contract is entitled to know the scope of his or her obligations thereunder. That necessarily includes the range of potential third persons who may enforce the terms of the contract." *Grigerik v. Sharpe*, 247 Conn. 293, 312 (1998). In *Grigerik*, the Connecticut Supreme Court further noted that: "Rooting the range of potential third parties in the intention of both parties, rather than in the intent of just one of the parties, is a sensible way of minimizing the risk that a contracting party will be held liable to one whom he neither knew, nor legitimately could be held to know, would ultimately be his contract obligee." *Id.*; *see also Dow & Condon*, 266 Conn. at 580–81 (same).

This "dual intent" requirement to establish third-party beneficiary rights applies with no less force to contracts for legal services. *See Stowe v. Smith*, 184 Conn. 194, 196 (1981) ("We have stated that a third party seeking to enforce a contract must allege and prove that the contracting parties intended that the promisor should assume a direct obligation to the third party.") (footnote omitted); *Litvack v. Artusio*, 137 Conn. App. 397, 404 (2012) ("The law regarding the creation of third party rights in legal services contracts is well settled . . . . '[A] third party seeking to enforce a contract must allege and prove that the contracting parties intended that the promisor should assume a direct obligation to the third party.'") (quoting *Stowe*, 184 Conn. at 196). While the Connecticut Supreme Court has recognized that a plaintiff who was

the intended beneficiary of a will has third-party beneficiary rights to sue an attorney who made a mistake in drafting the will, *see Stowe*, 184 Conn. at 198, that recognition does not affect the application of the overarching dual intent standard. *See Grigerik*, 247 Conn. at 310 (rejecting argument that *Stowe* or any other decision of the Connecticut Supreme Court had changed the law that "the intent of both parties to a contract determines whether a third party has contract rights as a third party beneficiary.").

Here, Plaintiffs' Amended Complaint does not cite any specific language as to the legal services contract's requirements or even allege specific terms, but only speak of general "requirements." *See e.g.* Am. Compl. ¶¶ 20, 22; *cf. Known Litig. Holdings, LLC v. Navigators Ins. Co.*, 934 F. Supp. 2d 409, 418 (D. Conn. 2013) ("Under the terms of the Loss Payment Rider, a loss payee has 'the right to receive direct payment in accordance with this rider,' and NECD identified Domestic Bank as a potential designated loss payee under the rider. Thus, by the unambiguous terms of the rider, Defendants and NECD intended to create a direct obligation from Defendants to Plaintiff . . . . Because the terms of the Loss Payment Rider clearly state that a designated loss payee has a right to direct payment from Defendants, the Court concludes that Plaintiff has pled sufficient facts to allege that it was a third-party beneficiary[.]") (internal citations omitted).

Indeed, the Amended Complaint does not plead any allegations that satisfy the "dual intent standard." *Grigerik*, 247 Conn. at 313. It arguably only alleges that the Park Square West Entities intended that their contract give Plaintiffs benefits as third parties. *See* Am. Compl. ¶¶ 20, 22–23, 27, 29.

These allegations, however, only suggest that the Opinion Letter was a required work product of the contract. *See id.* The Amended Complaint does not allege that either the Park

Square West Entities or Berkowitz, Trager & Trager specifically intended that their contract for legal services with one another would confer on any non-party enforceable third-party rights. *See Grigerik*, 247 Conn. at 312 (discussing rationale for the "requirement that both contracting parties must intend to confer enforceable rights in a third party . . . .").

The Amended Complaint also does not plead any facts from which the Court could reasonably infer such intent—i.e., facts that might suggest that the agreement between Berkowitz, Trager & Trager and Defendants was entered into on a specific date and time, or in some other way that would indicate a reasonable inference both that Berkowitz, Trager & Trager was aware that it would be providing an opinion letter to these Plaintiffs specifically and that it would be liable to them for any errors or misrepresentations in that letter.

The Amended Complaint cites to the Connecticut Rules of Professional Conduct's discussion of opinion letters by borrower's counsel. Am. Compl. ¶¶ 18–19. But these are not facts from which Berkowitz, Trager & Trager's intent can be inferred. They are conclusions of law—conclusions which do not in any way displace the governing presumptions under Connecticut law, under which Berkowitz, Trager & Trager was operating during the execution of its contract with the Park Square West Entities. As the Court previously explained, Connecticut law presumes that "adverse parties in financial transactions are represented by their own counsel and not by the counsel of their adversaries." Ruling at 13 (citing *Krawczyk v. Stingle*, 208 Conn. 239, 246 (1988)).

Accordingly, Plaintiffs' Count One of the Amended Complaint fails to state a claim and must be dismissed. *See Knapp v. New Haven Road Constr. Co.*, 150 Conn. 321, 326 (1963) (reversing finding of third-party beneficiary status because "[n]o subordinate facts were found as to the circumstances attending the making of the contract or the motives or purposes of the

parties to it," "[n]or was there any language in the contract itself indicative of an intent that New Haven should assume a direct obligation to Knapp, as distinguished from a direct obligation to Colby or to the suppliers.").

### B. Count Two: Breach of the Implied Covenant of Good Faith and Fair Dealing

Because the Amended Complaint does not plausibly plead that Plaintiffs were intended third-party beneficiaries of Berkowitz, Trager & Trager's contract for legal services with the Park Square West Entities, it cannot state a plausible claim for breach of a covenant of that contract. *See* Ruling at 14 ("'It is axiomatic that the implied duty of good faith and fair dealing is a covenant implied into a contract or a contractual relationship.' A contract or contractual relationship, therefore, is required to state a claim based on the covenant of good faith and fair dealing.") (quoting *Hoskins v. Titan Value Equities Grp.*, 252 Conn. 789, 793 (2000)) (citations omitted).

Accordingly, Count Two of the Amended Complaint fails to state a claim and must be dismissed.

### C. Count Three: Negligent Misrepresentation

As the Court previously explained, while no special relationship must be alleged for a plaintiff to state a claim of negligent misrepresentation under Connecticut law, a plaintiff must still allege reasonable reliance on a defendant's representation to state a claim for negligent misrepresentation. Ruling at 15–16. Moreover, while the reasonableness of a plaintiff's reliance is a question for the trier of fact, allegations of reasonable reliance must be sufficient "'to raise a right to relief above the speculative level.'" Ruling at 16 (quoting *Twombly*, 550 U.S. at 555).

In the Amended Complaint, Plaintiffs allege that their reliance was reasonable because: (1) "It is ordinary and customary as part of a commercial loan transaction, such as the PSW

Mezzanine Loan, that borrower's counsel (Berkowitz) proffer an opinion letter upon which the lender may rely," Am. Compl. ¶ 61(a); (2) the Opinion Letter "itself stated that it was proffered by Berkowitz to be relied upon by Plaintiffs as part of the PSW Mezzanine Loan transaction," *id.* ¶ 61(b); and (3) under Connecticut Rule of Professional Conduct 2.3(a), "it is reasonable and appropriate for a lender to rely on an opinion letter rendered by borrower's counsel," *id.* ¶ 61(c).

The Court disagrees that what Plaintiffs claim is "ordinary and customary," *see id.* ¶¶ 16, 61(a), or Connecticut Rule of Professional Conduct 2.3(a), *see id.* ¶¶ 17–18, 61(c), plausibly establish reasonable reliance in light of the overwhelming background rule in Connecticut that "attorneys are not liable to persons other than their clients for the negligent rendering of services." *Krawczyk*, 208 Conn. at 244.

Plaintiffs' allegation as to the actual language of the Opinion Letter, however, would appear to plausibly state reasonable reliance sufficient to survive a motion to dismiss. *See* Am. Compl. ¶ 61(b).

Berkowitz, Trager & Trager appears to acknowledge this point, but do not address it directly, instead focusing on whether Plaintiffs' negligent misrepresentation claim is time-barred. Def.'s Mem. at 24–25. Berkowitz, Trager, & Trager originally raised this argument in its motion to dismiss the Complaint, but the Court declined to address it at that time. *See* Ruling at 17 n.5 ("Because the Court has granted the motion to dismiss under Rule 12(b)(6), the Court will not address the argument that Plaintiffs' claim falls outside of the statute of limitations, but the Court will address that claim if necessary if Plaintiffs file an amended complaint that asserts a negligent misrepresentation claim.").

While the statute of limitations is typically raised as an affirmative defense in a party's answer, it may also "be raised in a motion to dismiss if the running of the statue is apparent from

the face of the complaint." *Healthcare Strategies, Inc. v. ING Life Ins. & Annuity Co.*, No. 3:11-cv-282 (JCH), 2012 WL 162361, at *3 (D. Conn. Jan. 19, 2012) (quoting *Velez v. City of New London*, 903 F. Supp. 286, 289 (D. Conn. 1995), and citing *Pani v. Empire Blue Cross Shield*, 152 F.3d 67, 74 (2d Cir. 1998)).

The Amended Complaint states that the Opinion Letter was issued on November 2, 2012. Am. Compl. ¶ 21. Under Connecticut law, claims for negligent misrepresentation are subject to a three-year statute of limitations.[3] Conn. Gen. Stat. § 52-577. Thus, in order to be timely, this claim had to be filed by November 2, 2015. But Plaintiffs did not file the original Complaint until August 4, 2017. *See* Compl. From the face of the Amended Complaint, the statute of limitations period therefore has expired.[4]

Plaintiffs argue that the statute of limitations was separately tolled, under Connecticut law, by fraudulent concealment, under Connecticut General Statute § 52-595. Pls.' Mem. at 16–17. But the Amended Complaint pleads no specific facts as required to invoke that doctrine. *See Iacurci v. Sax*, 313 Conn. 786, 799–800 (2014) ("[T]o toll a statute of limitations by way of our fraudulent concealment statute, a plaintiff must present evidence that a defendant: '(1) had actual awareness, rather than imputed knowledge, of the facts necessary to establish the [plaintiff's] cause of action; (2) intentionally concealed these facts from the [plaintiff]; and (3) concealed the

---

[3] During briefing on the original Motion to Dismiss, there was some dispute between the parties as to whether the applicable statute of limitations was contained in CONN. GEN. STAT. § 52-577 or § 52-584. Both parties now agree, however, that under either statute the claims were required to be filed within three years of the issuance of the opinion letter. *See* Def.'s Mem. at 24 n.8; Pls.' Mem. at 16; *see also* Transcript of Oral Argument on First Motion to Dismiss, dated Apr. 23, 2018, annexed as Ex. A to Def.'s Mem., at 37.

[4] Plaintiffs argue that for the court to decide the motion to dismiss on statute of limitations grounds would improperly convert the motion to dismiss into a motion for summary judgment. Pls.' Mem. at 16 n.8. The Court disagrees. Because the parties do not dispute any dates referenced in the Amended Complaint, resolution of the statute of limitations dispute "turns on a question of law rather than a question of fact," and it is thus "appropriate to address the statute of limitations question on this motion to dismiss." *Thompson v. Rovella*, No. 3:15-cv-1742 (VLB), 2017 WL 601399, at *3 (D. Conn. Feb. 14, 2017) (citing *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162–63 (2d Cir. 1989)).

13

facts for the purpose of obtaining delay on the [plaintiff's] part in filing a complaint on their cause of action.'") (quoting *Falls Church Grp. v. Tyler, Cooper & Alcorn, LLP*, 281 Conn. 84, 105 (2007)).

Plaintiffs argue they were not obligated to plead facts affirmatively establishing timeliness under the doctrine of fraudulent concealment. Pls.' Mem. at 16. That is incorrect as a matter of law.

Because the negligent misrepresentation claim is time-barred on the face of the Amended Complaint, it was Plaintiffs' burden to plead facts sufficient to establish that the statute of limitations should be tolled in order to survive a motion to dismiss. *OBG Tech. Servs., Inc. v. Northrop Grumman Space & Mission Sys. Corp.*, 503 F. Supp. 2d 490, 504–05 (D. Conn. 2007) ("[B]ecause OBG's claims are time-barred on the face of its own complaint, OBG has the burden of pleading facts sufficient to establish that the statutes of limitations should be tolled. Moreover, to the extent OBG seeks to toll the statutes of limitations under the doctrine of fraudulent concealment, OBG must "allege with particularity the circumstances" surrounding the alleged fraudulent concealment in accordance with the heightened pleading requirements for fraud[.]") (citations omitted); *Hodges v. Glenholme Sch.*, No. 3:15-cv-1161 (SRU), 2016 WL 4792184, at *4 (D. Conn. Sept. 13, 2016) ("As a preliminary matter, Hodges attempts to shirk her burden to plead the elements of fraudulent concealment . . . . in this diversity case the burden remains on Hodges to allege fraudulent concealment."); *see also Bound Brook Assocs. v. City of Norwalk*, 198 Conn. 660, 661 (1986) ("In order to avoid the defendants' special defenses that the plaintiffs' cause of action was time-barred, the plaintiffs affirmatively pleaded, pursuant to General Statutes § 52–595, that the defendants had 'fraudulently concealed from the plaintiffs [the] existence of their cause of action.'"); *Connell v. Colwell*, 214 Conn. 242, 250 (1990) ("'To

establish that the [defendant] had fraudulently concealed the existence of [her] cause of action and so had tolled the statute of limitations, the [plaintiff] had the burden of proving that the [defendant was] aware of the facts necessary to establish this cause of action . . . and that [he] had intentionally concealed those facts from the [plaintiff].'") (quoting *Bound Brook*, 198 Conn. at 665).

Because the Amended Complaint pleads no allegations as to fraudulent concealment, the Court cannot find that Plaintiffs' claims "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Absent such allegations, Plaintiffs "have not nudged their claims across the line from conceivable to plausible[.]" *Id.* at 570.

Significantly, during the oral argument on the motion to dismiss the original Complaint, Plaintiffs rightly admitted that they lacked a good faith basis then to assert fraudulent concealment and thus declined to plead it in their Complaint.[5]

Plaintiffs have now had the opportunity to re-plead their Complaint and include such facts, but have failed to do so. Plaintiffs' argument now that discovery must proceed when they have pleaded no factual allegations of fraudulent concealment that would toll their claim would

---

[5] The Court engaged in the following exchange with Plaintiffs' counsel:

> THE COURT: But I guess the question is, do you have a good faith basis for thinking that Berkowitz knew about the fraud?
> MS. BARANOWSKY: Your Honor, I believe as the issue -- for the same reasons your Honor suggested that Berkowitz, Trager & Trager could have looked at the information that it had on its other client, the Seaboard entity that actually owned PSW, is the basis that one could infer that perhaps they had a reason to know.
> THE COURT: Well, the fact that they could have looked, all of the entities were represented. I mean -- but we don't know what happened. You are saying you don't know. We can speculate, but you don't have right now a good faith basis for knowing whether or not they knew or could have known.
> MS. BARANOWSKY: We don't, your Honor. That's why it's not alleged in the complaint.

Transcript of Oral Argument on First Motion to Dismiss, dated Apr. 23, 2018, annexed as Ex. A to Def.'s Mem., at 39:7–39:25.

render the threshold requirement of "facial plausibility" meaningless. *See, e.g.*, *Pinkston v. Connecticut*, No. 3:09-cv-633 (JCH), 2009 WL 2852907, at *3 & n.2 (D. Conn. Sept. 2, 2009) (finding claim time-barred and declining to address tolling arguments where complaint contained no allegations of a continuing violation or malicious prosecution); *Lawrence v. Hartford Police Dep't*, No. 3:17-cv-1138 (SRU), 2017 WL 6380640, at *1 (D. Conn. Aug. 24, 2017) (finding claim time-barred and declining to address tolling argument where amended complaint offered no proof that plaintiff was adjudged incompetent).

Accordingly, Count Three of the Amended Complaint fails to state a claim and must be dismissed.

### D. Leave to Re-Plead

Consistent with the analysis above, the Court finds that, even if given the opportunity to amend the complaint further, Plaintiffs will not be able to allege facts showing that they have a viable breach of contract claim, or showing that Berkowitz, Trager & Trager fraudulently concealed the existence of Plaintiffs' negligent misrepresentation claim.

Indeed, the Court gave Plaintiffs an opportunity to remedy these factual deficiencies by amendment, and Plaintiffs failed to do so. Justice does not require granting Plaintiffs a third opportunity to plead in this case, an opportunity which Plaintiffs have not sought. *Brown v. Coach Stores, Inc.,* 163 F.3d 706, 712 n.4 (2d Cir. 1998) (denying leave to re-plead because "the district court already gave [plaintiff] an opportunity to file an amended complaint designed to cure the very defect that remains."); *Cellular Tech. Servs. Co. v. TruePosition, Inc.,* 609 F. Supp. 2d 223, 246–47 (D. Conn. 2009) (dismissing case with prejudice and without leave to amend because plaintiffs did not request leave to amend and because plaintiffs had already been given opportunity to replead to cure identified deficiencies but "did not take advantage of that

opportunity"); *S.S. v. Whitesboro Cent. Sch. Dist.,* No. 11–CV–0036, 2012 WL 280754, at *7 (N.D.N.Y. Jan. 31, 2012) (dismissing claim for failure to allege that defendant received federal funding and was therefore covered under Rehabilitation Act of 1973 and denying second opportunity to amend because plaintiff had already been afforded opportunity to amend defect and because amended complaint failed for other reasons).

Thus, dismissal with prejudice of Plaintiffs' claims is appropriate. *See Coulter v. Morgan Stanley & Co. Inc.*, 753 F.3d 361, 368 (2d Cir. 2014) ("Finally, Plaintiffs contend that the district court abused its discretion in dismissing their claims with prejudice. We disagree. Plaintiffs have identified no facts that, if alleged, would establish a valid claim. The district court therefore did not abuse its discretion because any amendment . . . would be futile." (internal citations omitted)).

## IV.　CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion to dismiss and **DISMISSES** all three counts of the Amended Complaint with prejudice.

The Clerk of the Court is respectfully directed to enter judgment for Defendant and close this case.

**SO ORDERED** this 29th day of March, 2019 at Bridgeport, Connecticut.

　　　　　　　　　　　　　　　　　　　　　/s/ Victor A. Bolden
　　　　　　　　　　　　　　　　　　　　Victor A. Bolden
　　　　　　　　　　　　　　　　　　　　United States District Judge